UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECIL JEROME HATCHETT, | No. 2:24-cv-1627 AC P |
| Petitioner, | |
| v. | ORDER |
| KEN CLARK, | |
| Respondent. | |

    Petitioner, a state prisoner proceeding pro se, has filed multiple petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with applications to proceed in forma pauperis and a motion for prejudgment interest.

    Examination of the in forma pauperis applications reveals that petitioner is unable to afford the costs of suit. ECF Nos. 2, 8, 12. Accordingly, the applications to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

    After filing the original petition (ECF No. 1), petitioner proceeded to file two amended petitions (ECF Nos. 7, 10). However, it is not clear from any of the petitions what conviction or sentence petitioner seeks to attack or what grounds for relief he seeks to assert. The petitions reference convictions in Monterey, Sacramento, and Yolo County, as well as parole board proceedings and disciplinary convictions. Because it is unclear what, exactly, petitioner is challenging and on what grounds, he will be required to submit an amended petition. Petitioner is

1   advised that a single petition may challenge only one conviction, parole proceeding, or
2   disciplinary finding.

3        In amending the petition, petitioner is cautioned that, to the extent he is trying to challenge
4   his 1992 parole revocation and subsequent prison term out of Sacramento County, his 1994
5   conviction out of Yolo County, and his 2000 conviction out of Monterey County, he cannot
6   proceed in this court.  With respect to the Sacramento County revocation, this court determined in
7   2018 that petitioner was no longer in custody on the underlying conviction and this court
8   therefore lacked jurisdiction over the petition.  See Hatchett v. Gonzalez, No. 2:16-cv-0412 KJM
9   CMK, 2018 WL 2939129, 2018 U.S. Dist. LEXIS 98691 (E.D. Cal. June 12, 2018).  Challenges
10  to petitioner's Yolo County and Monterey County convictions are barred as successive,[1] see
11  Felker v. Turpin, 518 U.S. 651, 657 (1996) (under 28 U.S.C. § 2244(b)(3)(A), a second or
12  successive application for habeas relief may not be filed in district court without prior
13  authorization by the court of appeals), and any challenge to the Monterey County conviction is
14  more appropriately brought in the United States District Court for the Northern District of
15  California, see Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 499 n.15 (1973) (while
16  district of confinement and district of conviction both have habeas jurisdiction, challenges to
17  conviction are more convenient in district of conviction because all witnesses and evidence for
18  resolution of the petition are located there).

19       If petitioner is attempting to challenge a parole decision, he is advised that the protection
20  afforded by the federal Due Process Clause to California parole decisions consists solely of the
21  "minimum" procedural requirements set forth in Greenholtz v. Inmates of Nebraska Penal and
22  Correctional Complex, 442 U.S. 1 (1979).  Swarthout v. Cooke, 562 U.S. 216, 220 (2011).
23  Specifically, that he was provided with "an opportunity to be heard . . . a statement of the
24  reasons why parole was denied."  Id. (citing Greenholtz, 442 U.S. at 16).  A challenge to a prison

---

[1] Hatchett v. Lungren, No. 2:98-cv-0345 WBS JFM (E.D. Cal.), ECF No. 96 (recommending denial on the merits of petition challenging 1994 Yolo County conviction), ECF No. 99 (adopting F&Rs and denying petition); Hatchett v. Gonzalez, No. 15-cv-2959 WHA, 2016 WL 467461, 2016 U.S. Dist. LEXIS 15257 (N.D. Cal. Feb. 8, 2016) (denying petition challenging 2000 Monterey County conviction as untimely).

disciplinary proceeding is only cognizable in this court if success on the merits of the claim would "necessarily lead to [the prisoner's] immediate or earlier release from confinement." Nettles v. Grounds, 830 F.3d 922, 935 (9th Cir. 2016).

Finally, because this is a habeas action and not subject to damages, petitioner's motion for prejudgment interest will be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's motions to proceed in forma pauperis (ECF Nos. 2, 8, 12) are GRANTED.

2. Petitioner's motion for prejudgment interest (ECF No. 6) is DENIED.

3. The application for writ of habeas corpus does not state any grounds for relief and will not be served.

4. Within thirty days of the service of this order, petitioner may file an amended petition. Any amended petition must bear the case number assigned to this action and the title "Third Amended Petition." Failure to file an amended petition will result in a recommendation that this action be dismissed without prejudice.

5. The Clerk of the Court is directed to send petitioner the court's form for application for writ of habeas corpus.

DATED: July 26, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE