UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECIL JEROME HATCHETT,<br><br>    Petitioner,<br><br>    v.<br><br>KEN CLARK,<br><br>    Respondent. | No.  2:24-cv-1627 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se on a petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

I.    <u>Procedural History</u>

After filing the original petition (ECF No. 1), and before the court could complete screening, petitioner proceeded to file two amended petitions (ECF Nos. 7, 10).  Because it was not clear from any of the petitions what conviction or sentence petitioner sought to attack or what grounds for relief he sought to assert, petitioner was directed to file a third amended petition (ECF No. 13), which he has now done (ECF No. 15).

II.    <u>Third Amended Petition</u>

The third amended petition initially indicates that it is a challenge to petitioner's 1992 parole revocation and subsequent prison term out of Sacramento County.  ECF No. 15 at 1. Petitioner then proceeds to make claims regarding his 1994 conviction out of Yolo County and

his various attempts to pursue habeas relief in this court. Id. at 5-7. He then appears to argue that he is still in custody in relation to his 1992 parole revocation because the government has never presented an abstract of judgment showing his sentence has been served, and to alternatively assert that he meets the in-custody requirement because the conviction was used to enhance the sentence for a subsequent conviction. Id. at 7-11. Petitioner concludes by asserting that the sentence for his Yolo County conviction and a separate conviction out of Monterey County were improperly enhanced based on false prior convictions. Id. at 11-12.

III.   Discussion

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) requires the court to summarily dismiss a habeas petition, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." As set forth below, the petition fails to state any cognizable claim for relief.

In screening the prior petitions, the court advised petitioner that he could not proceed in this court with challenges to his 1992 parole revocation and subsequent prison term out of Sacramento County, his 1994 conviction out of Yolo County, or his 2000 conviction out of Monterey County. ECF No. 13 at 2. That conclusion was based on the following information:

> With respect to the Sacramento County revocation, this court determined in 2018 that petitioner was no longer in custody on the underlying conviction and this court therefore lacked jurisdiction over the petition. See Hatchett v. Gonzalez, No. 2:16-cv-0412 KJM CMK, 2018 WL 2939129, 2018 U.S. Dist. LEXIS 98691 (E.D. Cal. June 12, 2018). Challenges to petitioner's Yolo County and Monterey County convictions are barred as successive,[fn.1] see Felker v. Turpin, 518 U.S. 651, 657 (1996) (under 28 U.S.C. § 2244(b)(3)(A), a second or successive application for habeas relief may not be filed in district court without prior authorization by the court of appeals), and any challenge to the Monterey County conviction is more appropriately brought in the United States District Court for the Northern District of California, see Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 499 n.15 (1973) (while district of confinement and district of conviction both have habeas jurisdiction, challenges to conviction are more convenient in district of conviction because all witnesses and evidence for resolution of the petition are located there).
>
> [fn.1] Hatchett v. Lungren, No. 2:98-cv-0345 WBS JFM (E.D. Cal.), ECF No. 96 (recommending denial on the merits of petition challenging 1994 Yolo County conviction), ECF No. 99 (adopting F&Rs and denying petition); Hatchett v. Gonzalez, No. 15-cv-2959

| | |
|---|---|
| 1 | WHA, 2016 WL 467461, 2016 U.S. Dist. LEXIS 15257 (N.D. Cal. Feb. 8, 2016) (denying petition challenging 2000 Monterey County conviction as untimely). |
| 2 | |

ECF No. 13 at 2.

In directing petitioner to file an amended petition, this court advised him that a single petition could challenge only one conviction and that he could not proceed in this court on challenges to the three identified convictions. ECF No. 13 at 2. However, petitioner has once again raised allegations regarding multiple convictions, does not clearly identify which conviction he is challenging, and appears to challenge only those convictions which he has already been advised cannot be challenged here. Moreover, the third amended petition, rather than asserting any grounds for relief, appears to primarily be an argument as to why the court's prior reasoning was incorrect and contending that petitioner can proceed with challenges to all three convictions. ECF No. 15. Petitioner has also filed a supplemental pleading in which he appears to state that the federal petitions identified by this court as challenging his Yolo County and Monterey County convictions were not related to him. ECF No. 14. Upon review, nothing in the amended petition demonstrates that the court's previous analysis was incorrect.

Under 28 U.S.C. § 2254(a), a federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or the laws or treaties of the United States." The Supreme Court has interpreted § 2254 as requiring that the habeas petitioner be "'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91, (1989) (per curiam) (citation omitted). A habeas petitioner is not considered in custody on a prior conviction just because it was used to enhance a subsequent conviction for which he is currently in custody. Lackawanna Cnty. Dist. Att'y v. Coss, 532 U.S. 394, 401-02 (2001) (citing Maleng, 490 U.S. at 492). The custody requirement of § 2254 is jurisdictional. Williamson v. Gregoire, 151 F.3d 1180, 1182 (9th Cir. 1998) (citation omitted).

While petitioner argues he is still in custody in relation to his Sacramento County conviction, that argument is foreclosed by the decision in Hatchett v. Gonzalez, No. 2:16-cv-0412

3

KJM CMK, 2018 WL 2939129, 2018 U.S. Dist. LEXIS 98691 (E.D. Cal. June 12, 2018). Moreover, petitioner has identified two additional attempts he made to challenge his Sacramento County conviction in this court, both of which ended in determinations that he was no longer in custody, including to the extent the conviction was used to enhance the sentence for subsequent convictions. See Hatchett v. Clark, No 2:18-cv-1773 KJM DB, 2019 WL 2387267, 2019 U.S. Dist. LEXIS 95582 (E.D. Cal. June 6, 2019) (findings and recommendations), adopted in full on Sept. 4, 2019; Hatchett v. Clark, No. 2:23-cv-2845 DAD DMC, 2024 WL 2154289, 2024 U.S. Dist. LEXIS 86759 (E.D. Cal. May 14, 2024), adopted by 2024 WL 3400288, 2024 U.S. Dist. LEXIS 122907 (July 12, 2024). As the court has previously found, because petitioner is no longer in custody in relation to this conviction, this court lacks jurisdiction over any claims challenging it.

With respect to petitioner's claim that he has not brought federal habeas petitions related to his Yolo County and Monterey County convictions, the court has reviewed the dockets in Hatchett v. Lungren, No. 2:98-cv-0345 WBS JFM (E.D. Cal.), and Hatchett v. Gonzalez, No. 15-cv-2959 WHA, (N.D. Cal.), and confirmed that, as in this case, the petitioner in those cases was Cecil Jerome Hatchett, CDCR #H-22191.

Under 28 U.S.C. § 2244(b)(3)(A), a second or successive application for habeas relief may not be filed in district court without prior authorization by the court of appeals. Felker v. Turpin, 518 U.S. 651, 657 (1996). Prior authorization is a jurisdictional requisite. Burton v. Stewart, 549 U.S. 147, 152-53 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (once district court has recognized a petition as second or successive pursuant to § 2244(b), it lacks jurisdiction to consider the merits). A petition is successive within the meaning of 28 U.S.C. § 2244(b) where it "seeks to add a new ground for relief" or "if it attacks the federal court's previous resolution of a claim *on the merits*." Gonzalez v. Crosby, 545 U.S. 524, 532 (2005) (emphasis in original). "[A] 'claim' as used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of conviction," id. at 530, and the Ninth Circuit has held "that the dismissal of a habeas petition as untimely constitutes a disposition on the merits and that a further petition challenging the same conviction would be 'second or successive' for purposes of

4

28 U.S.C. § 2244(b)," McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009).  Moreover, "[e]ven if a petitioner can demonstrate that he qualifies for one of [the] exceptions [to filing a second or successive petition], he must seek authorization from the court of appeals before filing his new petition with the district court." Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008) (citing 28 U.S.C. § 2244(b)(3)).

As noted above, petitioner has previously filed applications for a writ of habeas corpus attacking both his Yolo County and Monterey County convictions, and those petitions were denied on the merits.  See United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases.").  Therefore, the petition is second or successive to the extent petitioner is attempting to challenge those convictions and before he can proceed on his claims, he must submit a request to the United States Court of Appeals for the Ninth Circuit to issue an order authorizing the district court to consider the application and that request must be granted.  28 U.S.C. § 2244(b)(3).  Petitioner has not provided any evidence that he has received the required authorization.  The court therefore lacks jurisdiction to consider challenges to either conviction and the petition should be dismissed.[1]

IV.     Conclusion

For the reasons stated above, this court lacks jurisdiction to consider petitioner's challenges to any of the three convictions identified and the petition should therefore be dismissed.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that this action be dismissed for lack of jurisdiction.  To the extent the petition is second or successive, dismissal should be without prejudice to re-filing once petitioner receives authorization to proceed from the Ninth Circuit.

---

[1] Moreover, as the court previously advised, any challenge to the Monterey County conviction is more appropriately brought in the United States District Court for the Northern District of California.  ECF No. 13 at 2 (citing Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 499 n.15 (1973) (while district of confinement and district of conviction both have habeas jurisdiction, challenges to conviction are more convenient in district of conviction because all witnesses and evidence for resolution of the petition are located there)).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  See 28 U.S.C. § 2253(c)(2).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 24, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE